NO. 07-10-00073-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
19, 2011

 



 

TEDRICK WATTERS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. A17719-0808; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Tedrick
Watters appeals the revocation of his community supervision.  His court-appointed appellate counsel has
filed a motion to withdraw and an Anders[1]
brief.  We will grant counsel’s motion to
withdraw and affirm the judgment of the trial court.

            By
information[2]
filed August 8, 2008, appellant was charged with aggravated assault, causing
serious bodily injury.[3]  He plead guilty to
the charge and stipulated to supporting evidence of guilt.  The trial court accepted his plea, adjudged
him guilty, and sentenced him to nine years confinement suspended in favor of
ten years community supervision.  The
court also assessed a fine, costs, and attorney’s fees.

            On
January 10, 2010, the State filed a motion to revoke appellant’s community
supervision. The motion alleged multiple violations of the terms of appellant’s
community supervision order including testing positive for marijuana, failing
to report to the community supervision office as ordered, failing to abide by
the ordered curfew, failing to remain current in payment of ordered
restitution, fees, and costs, failing to complete community service hours for
sixteen months, failing to report two arrests to the community supervision
officer within twenty-four hours, and failing to take a G.E.D. test within one
year.

            At
the February 12, 2010, revocation hearing, after his plea of “not true” to all
but one of the violations alleged, appellant’s community supervision officer
testified.[4]
She presented some evidence of each violation being heard, although she
testified appellant failed to complete community service hours for fifteen
months rather than the sixteen months alleged. 
On cross-examination, the officer agreed appellant had not admitted use
of marijuana, participation in some community service hours was disputed,
appellant was jailed on the date of one required community supervision
appointment, and subsequent incarceration by appellant accounted for some of
his missed payments.  Appellant
testified.  He explained a majority of
community service appointments were missed because he was drinking.  He used alcohol and marijuana to the point of
losing consciousness.  According to appellant,
other than times of incarceration, he used marijuana and alcohol daily.  At the conclusion of the hearing, the court
found appellant violated the terms of his community supervision order and
imposed the original sentence.  Appellant
timely appealed the revocation of community supervision. 

            Appellant’s
appointed appellate counsel has filed a motion to withdraw supported by an Anders brief.  In counsel’s opinion, nothing in the record
establishes reversible error and the appeal is frivolous.  The brief discusses the case background, the
grounds alleged for revocation, and the evidence presented at the hearing.  The brief cites applicable law.  Applying the law to the facts counsel
concludes the trial court did not abuse its discretion by revoking appellant’s
community supervision and imposing the original sentence.  Correspondence from counsel to appellant
indicates counsel supplied appellant a copy of the Anders brief and counsel’s motion to withdraw.  The correspondence also points out the right
of appellant to review the record and file a pro se response and his right to file a pro se petition for discretionary review in the Court of Criminal
Appeals should he receive an adverse decision by this court.  By letter, this court also notified appellant
of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel.  Appellant did not file a response.

In conformity with the standards set
out by the United States Supreme Court, we do not rule on the motion to withdraw
until we have independently examined the record.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San
Antonio 1997, no pet.).  If this court
determines the appeal arguably has merit, we will remand it to the trial court
for appointment of new counsel.  Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).  We have reviewed the entire record to
determine whether there are any arguable grounds which might support an appeal.
See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988); Bledsoe v. State, 178 S.W.3d
824 (Tex.Crim.App. 2005).  We have found no arguable grounds supporting
a claim of reversible error, and agree with counsel that the appeal is
frivolous.

Accordingly, we grant counsel’s
motion to withdraw[5]
and affirm the judgment of the trial court. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.

 

 











[1] Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967); see In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008).





[2] Appellant executed a waiver of the right to
prosecution by indictment.

 





[3] See Tex.
Penal Code Ann. § 22.02(a)(1) (West Supp. 2010).  Aggravated assault is a second degree felony
with a punishment range of two to twenty years and may include a fine not to
exceed $10,000.  See Tex. Penal Code Ann. § 22.02(b) (West Supp. 2010), § 12.33
(West Supp. 2010).

 





[4]  Before the
hearing began, the State abandoned an allegation that appellant violated a term
of community supervision requiring he commit no new offense. 





[5] Counsel shall, within five days after the opinion is
handed down, send his client a copy of the opinion and judgment, along with notification
of the defendant’s right to file a pro se
petition for discretionary review.  Tex.
R. App. P. 48.4.